**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN PAUL HORANECK, SR., | : | |
| | : | Civil Action No. 10-0705 (MLC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

John Paul Horaneck, Sr., Plaintiff pro se
Monmouth County Correctional Institution
1 Waterworks Road, Freehold, NJ 07728

**COOPER**, District Judge

Plaintiff, John Paul Horaneck, Sr., a prisoner confined at Monmouth County Correctional Institution in Freehold, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915, which establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

A prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-

month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

The prisoner, even if granted in forma pauperis status, must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the complaint if the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see 28 U.S.C. § 1915A (dismissal where prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (dismissal where prisoner brings action on prison conditions). If the Court dismisses the complaint for any of these reasons, installment

payments of the filing fee are not suspended and the prisoner does not get back the filing fee, or any part of it, that has already been paid.

If a prisoner, on three or more prior occasions while incarcerated, has brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, then the prisoner cannot bring another action in forma pauperis unless the prisoner is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Plaintiff here failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified six-months institutional account statement.  See, e.g., Tyson v. Youth Ventures, 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

The complaint also is incomplete; it is missing the signature page and the request for relief.  The Court notes that Plaintiff alleges that his sentence has been incorrectly calculated and he has filed a petition for writ of habeas corpus in state court. To the extent Plaintiff seeks immediate release, such a claim is not cognizable in a civil rights action, but must be brought as a petition for writ of habeas corpus following exhaustion of state remedies.  See 28 U.S.C. § 2254.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

**CONCLUSION**

The application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.  The Court will issue an appropriate order.[1]

        s/Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated:  February 19, 2010

---

[1] An administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying order, it is not subject to the statute of limitations time bar if it was originally brought timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Educ., 45 F.3d 161, 163 (7th Cir. 1995).